John Abhau and Herbert Whittaker, Appellees, v.
James E. Grassie, Trustee, and James E. Grassie,
Individually, Appellant.

## Gen. No. 20,751.

1. MECHANICS' LIENS, § 196*—*when evidence sufficient to sup-
port findings of master.* Evidence in proceeding to enforce mechan-
ic's lien *held* to support findings of master.

2. MECHANICS' LIENS, § 128*—*how far mortgage lien preferred.*
Under section 16 of the Lien Act (J. & A. ¶ 7154) a prior mortgage
lien is entitled to preference to the extent of the value of the land
at the time of the making of the contract, the mechanic's lien
creditor being preferred to the value of the improvements erected
on the premises.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Vol. CLXXXXI  37

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

JULE F. BROWER and SAMUEL B. KING, for appellant.

ROBERT W. DUNN, for appellee John Abhau.

MR. JUSTICE BAKER delivered the opinion of the court.

The appeal in this case was taken to the Supreme Court on the alleged grounds that section 4 of the Mechanic's Lien Act of 1903 (J. & A. ¶ 7142) was unconstitutional and the ordinance requiring a contractor to take a contractor's license invalid. Abhau contended on the hearing that said ordinance was invalid, but contended further that conceding its validity, the burden of proving that he had not procured such a license was on Grassie. *Abhau v. Grassie,* 262 Ill. 636. No evidence was offered to show either that Abhau had or did not have a license.

While other lots are mentioned in the pleadings and other parties appeared in the court below, the only property involved in this appeal are Lots 24, 25 and 27 in Block 1 in Huling's Subdivision, and the only parties now interested in the case are appellee Abhau and appellant Grassie. The amount due the intervening petitioner Whittaker is included by the decree in the amount found due Grassie, and Grassie and Whittaker are given a concurrent lien on said three lots therefor. The chancellor certified that the validity of the ordinance was in issue and that the appeal should go direct to the Supreme Court.

Section 4 of the Lien Act prescribes the conditions under which a contractor may abandon the work and enforce his lien for the value of the work done.

It was held by the Supreme Court that Ida Rahn, the owner of the premises, and Abhau, the contractor, agreed that the work be stopped; that this was not an abandonment or discontinuance of the work as

those terms are used in said section 4, and that the question of the validity of the provisions of section 4 relating to abandonment or discontinuance was not involved. It was further held by the Supreme Court that the question of the existence of the license being only collaterally involved, the license will be presumed unless proof to the contrary is presented, and that the validity of the ordinance above mentioned was not involved in the case. The master by his report found that the value of the work done by Abhau on each of said Lots 24, 25 and 27 was $3,020; that the proportionate share of general payments applicable to each of said lots was $1,056.32, leaving the sum of $1,963.68 unpaid for work done on each of said lots; that the value of each of said lots at the time the work thereon was begun was $400; that each of said lots was subject to the lien of a trust deed given by Ida Rahn to Grassie as trustee to secure her note for the sum of $2200, and that Grassie is the owner of said notes. The court overruled the exceptions to the master's report and we think the report is in accordance with the proofs. The court by the decree found that the complainant Abhau has a first lien on each of said Lots 24, 25 and 27 for $1,963.68.

The decree denies any relief to appellant Grassie under his mortgage lien on said lots.

In this we think the court erred. Under the provisions of section 16 of the Lien Act (J. & A. ¶ 7154), Grassie's lien should be preferred to the extent of the value of the land at the time of the making of the contract, and Abhau, the lien creditor, should be preferred to the value of the improvements erected on said premises. The decree as to all other matters is affirmed.

The decree of the Superior Court is reversed and the cause remanded to that court with directions to enter a decree in accordance with the views here expressed.

*Reversed and remanded with directions.*